UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80279-CIV-MARRA/JOHNSON

MICHAEL BRAUCHLE, CHRISTOPHER
BUTLER, RICHARD CHANDLER,
RICHARD ROUNTRY, JR., JENNIFER
ROUNTRY, and KIMBERLY ROUNTRY,
on their own and on behalf of others similarly
situated,

    Plaintiffs,

v.

SOUTHERN SPORTS GRILL, INC., a
Florida corporation, and JAYSON
BABOOLAL, individually, and
KAMLAWATIE KADIR, individually,

    Defendants.

_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court on Defendant Jayson Baboolal's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (DE 11, 12), filed June 1, 2007. Plaintiffs responded with their Response and Opposing Memorandum (DE 15) on June 8, 2007. No reply brief was filed with the Court. The Court has carefully considered the motion and is otherwise advised in the premises.

**Background**

The facts of this case, take in the light most favorable to the Plaintiffs, are as follows: Plaintiffs all worked at the Southern Sports Grill in Palm Beach County, Florida. (Compl. ¶ 1.)

1

Plaintiffs have brought a variety of claims under the Fair Labor Standards Act ("FLSA") against their former employers, including failure to pay the federal minimum wage, failure to pay overtime compensation, and failure to pay the minimum amount under the "salary basis" test. (Compl. ¶ 1.)  Plaintiffs allege that both individual Defendants, Jayson Baboolal and Kamlawatie Kadir, managed and operated the Southern Sports Grill and are also liable under the FLSA by virtue of their control over the employees.  (Compl. ¶¶ 3, 4.)  Two of the named Plaintiffs have also filed affidavits to support their allegations that Jayson Baboolal exercised managerial control over employees at Southern Sports Grill.  (Brauchle Aff.; Butler Aff.)

Defendant Baboolal claims that "Plaintiffs were never employed by [him] and [he] never exercised any control – either directly or indirectly – over the terms and conditions of Plaintiffs' alleged employment."  (Def. Mot. 2.)  He supports his contention with an affidavit saying that he "was a patron of SSGI on many occasions" but that he was never an employee, manager or operator, nor did he exercise "any control, either directly or indirectly, over the terms and conditions of employment of any of the Plaintiffs."  (Baboolal Aff. 2.)  Defendant Baboolal thus asks this Court to dismiss all counts against him or, in the alternative, to enter summary judgment in his favor on all counts.

## Standard of Review

*Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

*Summary Judgment*

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as

to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  *Anderson*, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  *Anderson*, 477 U.S. 242, 249-50.

## Discussion

The Fair Labor Standards Act ("FLSA") defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The issue of whether an employment relationship exists is determined by looking at the "economic realities" of an individual case.  *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996).  The Court looks to a variety of factors in applying the "economic realities" test, including among others the nature and degree of the putative employer's control over workers (e.g., supervisory authority, ability to modify employment conditions, control over pay rates or methods of payment, control over payroll).  *Antenor*, 88 F.3d at 932; *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (S.D. Fla. 2001).  Ultimately, the Court looks to "all of the

surrounding circumstances of the 'whole activity' to determine whether the putative employee is economically dependent upon the alleged employer." *Id.* at 1318.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiffs need only allege facts in the complaint that, if taken as true, would support their claims under the FLSA against Baboolal. In this case, Baboolal claims that he was not an "employer" as defined by the FLSA. However, Plaintiffs alleged that Baboolal was an employer in the Complaint. (Compl. ¶ 2.) Because Plaintiffs alleged that Baboolal was an "employer," the Complaint is sufficient to state a claim for relief since the Court must accept all the allegations as true. As such, Baboolal's motion to dismiss the Complaint is denied.

Similarly, the Court must deny Baboolal's motion for summary judgment. Baboolal's only support for his motion for summary judgment is a sworn affidavit where he states simply that he was not an "employer" as defined by the FLSA. Plaintiffs also submitted sworn affidavits that cast doubt this assertion, stating that Baboolal made hiring and firing decisions, controlled the payroll, and set employee schedules. These facts, if taken as true, support Plaintiffs' contention that Baboolal was an "employer" under the FLSA. As such, a question of fact exists as to whether Baboolal exerted sufficient control over Plaintiffs to be classified as an employer, making an entry of summary judgment inappropriate at this stage. Accordingly, Defendant Baboolal's motion for summary judgment is denied.

## Conclusion

It is hereby **ORDERED AND ADJUGED** as follows:

1. Defendant Jayson Baboolal's Motion to Dismiss (DE 11) is **DENIED**.

2. Defendant Baboolal's Alternative Motion for Summary Judgment (DE 12) is **DENIED**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 30th day of October, 2007.

                                                                     KENNETH A. MARRA
                                                                    United States District Court

Copies furnished to:
all counsel of record