UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80279-CIV-MARRA/JOHNSON

MICHAEL BRAUCHLE, CHRISTOPHER
BUTLER, RICHARD CHANDLER,
RICHARD ROUNTRY, JR., JENNIFER
ROUNTRY, and KIMBERLY ROUNTRY,
on their own and on behalf of others similarly
situated,

    Plaintiffs,

v.

SOUTHERN SPORTS GRILL, INC., a
Florida corporation, and JAYSON
BABOOLAL, individually, and
KAMLAWATIE KADIR, individually,

    Defendants.
_____/

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court on Plaintiffs' Motion for Summary Judgment and Supporting Memorandum of Law (DE 50), filed August 4, 2008. All three Defendants appear to be unrepresented by counsel, despite the Court's March 4, 2008 Order requiring Defendant Southern Sports Grill, Inc. to substitute counsel within thirty (30) days. A "Notice of Summary Judgment" (DE 51) was sent to Defendants on August 5, 2008, explaining the purpose and implications of the summary judgment motion and ordering Defendants to respond to the motion by August 31, 2008. No response was filed with the Court. The Court has reviewed the Complaint, the motion, the entire file in this case, and is otherwise duly advised on the premises.

1

**Background**

Plaintiffs, all former employees of Southern Sports Grill, Inc. in Palm Beach County, Florida, brought a variety of claims under the Fair Labor Standards Act ("FLSA") against their former employers, including failure to pay the federal minimum wage, failure to pay overtime compensation, and failure to pay the minimum amount under the "salary basis" test. (Compl. ¶ 1.) Plaintiffs allege that the individual Defendants, Jayson Baboolal and Kamlawatie Kadir, owned, managed and operated the Southern Sports Grill and are also liable under the FLSA by virtue of their control over the employees. (Compl. ¶¶ 3, 4.). By way of this motion, Plaintiffs move under Federal Rules of Civil Procedure 36 and 56 to deem admitted their Request for Admissions (DE 50-2), and for summary judgment based on such admissions, as well as Plaintiffs' affidavits.

**Plaintiffs' Request For Admissions**

Plaintiffs served their Request for Admissions to Defendants Jayson Baboolal and Kamlawatie Kadir on June 30, 2008. Defendants did not respond. As a result of Defendants Jayson Baboolal[1] and Kamlawatie Kadir's failure to respond, each of the facts stated in the Request For Admissions is deemed admitted. Therefore, for purposes of this motion, the facts are conclusively established as to those Defendants. Fed.R.Civ.P. 36(a); see also United States v.

---

[1] The Court notes that Defendant Jayson Baboolal submitted an affidavit (DE 11-2) in support of his June 1, 2007 summary judgment motion (DE 11). Baboolal's prior filing of an affidavit does not excuse his failure to respond to the request for admissions, for purposes of the unanswered requests being deemed admitted. "[P]arties are not allowed to pick and choose when to respond based on their own determination of whether they have previously answered the questions presented." U.S. v. Kasuboski, 834 F.2d 1345, 1349 (7th Cir. 1987).

2204 Barbara Lane, 960 F.2d 126, 129-30 (11th Cir. 1992) (affirming a summary judgment order based on deemed admissions); Blue Seas Music, Inc. v. Fitness Surveys, Inc., 831 F.Supp. 863, 864 (N.D. Ga. 1993).

**Statement of Undisputed Facts**

Neither the individual Defendants nor the corporate Defendant, Southern Sports Grill, Inc., responded to Plaintiffs' motion for summary judgment. Thus, all three Defendants failed to controvert the Statement of Undisputed Facts set forth in Plaintiffs' summary judgment motion. Therefore, under Local Rule 7.5 D, all material facts set forth in the Plaintiffs' motion will be deemed admitted, provided that the Court finds that the movant's statement is supported by evidence in the record.

**Undisputed Material Facts**

1. Plaintiffs Michael Brauchle, Christopher Butler, Richard Chandler, Richard Rountry, Jr., Jennifer Rountry, and Kimberly Rountry were all employed at Southern Sports Grill between 2006 and 2007. (Req. For Admiss. No. 1) (DE 50-2, Ex. A).

2. Defendants were the employers for all of the Plaintiffs, as that term is defined by the Fair Labor Standards Act. *Id*. Nos. 2..

3. Defendants failed to pay the Plaintiffs in accordance with the requirements of the Fair Labor Standards Act. *Id*. No. 3.

4. Jayson Baboolal was an owner and manager of Southern Sports Grill, Inc., and was the individual who made the final approval to hire each Plaintiff and approved Plaintiffs' rate of pay. *Id*. No. 4.

5. Kamlawatie Kadir was an owner and officer of Southern Sports Grill, Inc. and authorized

       Jason Baboolal to act on Kadir's and Southern Sports Grill, Inc.'s behalf. *Id*. No. 5.

6. Kamlawatie Kadir was aware of Jayson Baboolal's authority to hire and determine Plaintiffs' rate of pay. *Id*. No. 6

7. Defendants gross receipts, including cash receipts exceeded $500,000. *Id*. No. 7.

8. Defendants were engaged in commerce as that term is defined under the Fair Labor Standards Act. *Id*. No. 8.

9. Mr. Baboolal represented to Plaintiff, Michael Brauchle, that Mr. Baboolal was the owner of the Southern Sports Grill. *Id*. No. 9.

10. Mr. Baboolal was the person who regularly reviewed the number of hours each employee worked. *Id*. No. 10.

11. Mr. Baboolal was the person who regularly paid employees. *Id*. No. 11.

12. Mr. Baboolal required orders for food and alcohol to be approved by him before they were made. *Id*. No. 12.

13. Mr. Baboolal usually collected money from the cash register and the credit card receipts, and he would add up the amount of money brought in that day. *Id*. No. 13.

14. On several occasions, Mr. Baboolal deposited money into the business by making a charge on an American Express credit card to Southern Sports Grill, which funds he then used to pay vendors and employees. On several occasions, Mr. Baboolal also withdrew money from the cash register. *Id*. No. 14.

15. Mr. Baboolal made the final decisions on the work schedule for the staff at Southern Sports Grill. He decided the number of hours and days that each employee worked, and he decided on many occasions who would be sent home early, if business was slow. *Id*.

No. 15.

16. Mr. Baboolal made the decisions to hire and fire employees throughout the time that Plaintiffs were employed at Southern Sports Grill. Employees who Mr. Baboolal fired included Christopher Butler, Richard Chandler, Bernardo LaCosta, Scott Morisey, Alan Cox, and Justin Edwards, among others. *Id*. No. 16.

17. Mr. Baboolal fired Michael Brauchle, Christopher Butler, and Richard Chandler, among other employees. (Aff. of Michael Brauchle, Ex. B, DE 50-3, ¶11, 12); (Aff. of Christopher J. Butler, Ex. C, DE 50-4, ¶ 10).

18. Mr. Baboolal was the person with whom employees were required to consult before taking any actions that affected the operation of the business, including spending money on behalf of the business, deciding on the hours of operation in the business, and engaging in any promotional activities for the business. (Req. For Admiss. No. 17) (DE 50-2, Ex. A); (Aff. of Michael Brauchle, Ex. B, DE 50-3, ¶ 10).

19. Defendants did not pay Michael Brauchle the sum of $3,625.00 to which he was entitled for hours worked but not compensated for the period August 14, 2006 through November 26, 2006. (Req. For Admiss. No. 18) (DE 50-2, Ex. A).

20. Defendants did not pay Christopher Butler the sum of $17,400.00 in overtime pay to which he was entitled for hours worked but not compensated for the period June 4, 2006 though December 3, 2006. *Id*. No. 19.

21. Defendants did not pay Richard Chandler the sum of $753.00 in overtime pay to which he was entitled for hours worked but not compensated for the period October 21, 2006 through January 12, 2007. *Id*. No. 20.

22. Defendants did not pay Richard Rountry, Jr. The sum of $309.00 in overtime pay to which he was entitled for hours worked but not compensated for the period October 21, 2006 though January 12, 2007. *Id*. No. 21.

23. Defendants did not pay Jennifer Rountry the sum of $7.08 in minimum wage pay to which she was entitled for hours worked but not compensated for the period November 26, 2006 though December 2, 2006. *Id*. No. 22.

24. Defendants did not pay Kimberly Rountry the sum of $14.16 in minimum wage pay to which she was entitled for hours worked but not compensated for the period November 26, 2006 though December 2, 2006.

## **STANDARD OF REVIEW**

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and

admissions on file," designate specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (citations and quotations omitted).

## DISCUSSION

Plaintiffs' argue that they are entitled to summary judgment on their claims against Defendants for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 206(a) and 207(a)(1). Plaintiffs bear the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that they are employees engaged in commerce or employed by an "enterprise" engaged in commerce; 3) that Defendant failed to pay the minimum wage required by the FLSA; and 4) they are owed the amount claimed by a just and reasonable inference. See 29 U.S.C. § 206(a), 207(a)(1); Petasne v. La Cucina & Bakery, LLC, Slip Copy, 2008 WL 2157036 (M.D. Fla. 2008).

First, Plaintiffs must establish the existence of an employment relationship. See 29 U.S.C. § 206(a), 207(a)(1). An employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To determine whether an individual is an employer under the FLSA, the Court should examine the "economic reality" of the relationship between the parties. Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir.1997). The Court may look to several factors, including whether the alleged employer "1) had the power

to hire and fire the employees; 2) supervised and controlled the employees' work schedules or conditions of employment; 3) determined the rate and method of payment; and 4) maintained employment records." Id.  Significant operational control of a "corporation's day-to-day operations, including compensation of employees," gives rise to a finding that the employer standard under the FLSA is met. Patel v. Wargo, 803 F.2d 632, 638 (11th Cir.1986) "To be personally liable, [that individual] must be either involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Id.

     The undisputed facts overwhelmingly establish that Defendant Baboolal is individually liable as an employer for the FLSA violations. Defendant Baboolal was an owner and manager of Southern Sports Grill, Inc. He also was the individual who made the final approval to hire Plaintiffs and approved their rate of pay. (Req. For Admiss. No. 4) (DE 50-2, Ex. A).  Baboolal hired and fired employees, set the work schedules of the employees, approved employees' rate of pay, regularly paid employees, regularly reviewed the number of hours each employee worked, required food and alcohol orders to be approved by him, collected and added up the money brought in daily, and made withdraws of funds from and deposits into the business. Id. at 10, 11, 12, 13, 14; Plaintiffs' Affidavits.  These duties clearly reflect Baboolal's day-to-day control over Southern Sports Grill, Inc., and thus meet the standard for individual liability set forth by the Eleventh Circuit in Villarreal and Patel.  Additionally, the undisputed facts establish that Defendant Kadir is individually liable as an employer for the FLSA violations. Defendant Kadir was an owner and officer of Southern Sports Grill, Inc. and authorized Baboolal to act on Kadir's and Southern Sports Grill, Inc.'s behalf. (Req. For Admiss. No. 5, 6) (DE 50-2, Ex. A).  Kadir was aware of Baboolal's authority to hire and determine Plaintiffs' rate of pay. Id. No. 6

Second, Plaintiffs must establish that they were employees engaged in commerce or employed by an "enterprise" engaged in commerce. See 29 U.S.C. § 206(a), 207(a)(1). It is undisputed that Plaintiffs were employed at Southern Sports Grill between 2006 and 2007. Plaintiffs' Affidavits; (Req. For Admiss. No. 1) (DE 50-2, Ex. A). The FLSA requires an employer to pay minimum wage and overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage. Thorne v. All Restoration Svcs., Inc., 448 F.3d 1264, 1265 (11th Cir. 2006); Powell v. Morton Plant Mease Health Care, Inc., 174 Fed. Appx. 520, 521 (11th Cir. 2006); Alonso v. Garcia, 147 Fed. Appx. 815 (11th Cir. 2005) *citing* Dunlop v. Indus. America Corp., 516 F.2d 498 (5th Cir. 1975).[2] While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. See Donovan v. Weber, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); see also Birdwell v. City of Gadsden, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); Patel v. Wargo, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

To qualify for enterprise coverage, Defendants must "ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce

---

[2]The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i) and (ii).  The phase "engaged in commerce" is interpreted broadly and liberally. Alonso, 147 Fed. Appx. at 816, *citing* Brennan v. Wilson Bldg., Inc., 478 F.2d 1090 (5th Cir.1973).  Here, Defendants have admitted that Southern Sports Grill, Inc.'s annual sales volume for the past three years exceeded $500,000.00. (Req. For Admiss. No. 7, DE 50-2, Ex. A); (Statement of Undisputed Facts No.6, DE 50-1).  Moreover, Plaintiff has met the remaining prong of the enterprise test.  For enterprise coverage to apply, the goods must have moved in commerce at some time; they do not have to be currently moving in commerce. Brennan v. Greene's Propane Gas Serv., Inc., 479 F.2d 1027, 1030-31 (5th Cir. 1973) (reasoning that it is sufficient if goods moved in commerce at some point in the past). It is a reasonable inference to assume that some of the goods used in Southern Sports Grill moved in interstate commerce before they were delivered there by local vendors. See Thompson v. Robinson, Inc., slip copy, 2007 WL 2714091, *3 (M.D. Fla. 2007).

     Finally, Plaintiffs must establish that Defendant failed to pay the minimum wage and overtime wage required by the FLSA and that they are owed the amount claimed by a just and reasonable inference.  See 29 U.S.C. § 206(a), 207(a)(1). The only evidence before the Court regarding the amount of work performed by Plaintiffs and the wages paid to Plaintiffs by Defendants is that presented by Plaintiffs' affidavits filed in connection with their summary judgment motion. Significantly, Defendants have failed to come forward with any evidence of the "precise amount of work performed" by Plaintiff or "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946).  Under these circumstances, "the court may [ ] award damages

to the employee, even though the result is only approximate." Id.  Where the plaintiff has presented sufficient evidence of the wages defendant failed to pay under the FLSA, the defendants cannot avoid liquidated damages, unless they meet their burden of proving that the FLSA violation was in good faith and predicated upon reasonable grounds.  Liquidated damages are mandatory absent a showing of good faith. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987).  Defendants have failed to demonstrate that their actions were taken in good faith or were predicated on reasonable grounds.  Therefore, liquidated damages shall be awarded in this case.

The claims, arguments, and evidence regarding wage and payments differs as to each of the six Plaintiffs in this action.  Therefore, the Court analyzes whether Defendants failed to pay the minimum wage and/or overtime wage required by the FLSA and whether Plaintiff is owed the amount claimed by a just and reasonable inference as to each Plaintiff, in turn.

As to Plaintiff Christopher Butler, it is undisputed that Defendants paid Plaintiff Butler an hourly wage.  (Aff. of Christopher J. Butler ¶ 4, 5, 6, DE 50-5.).  When Butler worked over 40 hours a week, he was not compensated at one and one-half times his regular rate of pay for which he was employed. (Aff. of Christopher J. Butler ¶ 4, 5, 6).  Butler regularly worked eighty hours per week. (Aff. of Christopher J. Butler ¶ 4.)

As to Plaintiff Richard Chandler, it is undisputed that Defendants paid Plaintiff Chandler an hourly wage. (Aff. of Richard Chandler ¶ 4, 5, 6., DE 54-2).  When Butler worked over 40 hours a week, he was not compensated at one and one-half times his regular rate of pay for which he was employed. (Aff. of Richard Chandler ¶ 4, 5, 6).  Butler regularly worked sixty hours per week, and twice worked seventy hours per week. (Aff. of Richard Chandler ¶ 4, 6, 8.).

As to Plaintiff Richard Rountry, Jr., it is undisputed that he performed 30 hours of work per week during the weeks of November 7-12, 2006 and November 13-19, 2006. (Aff. of Richard Rountry, Jr. ¶ 4). According to the minimum wage provisions of the F.L.S.A., 29 U.S.C. § 206(a), he was entitled to receive not less than $5.15 per hour. It is undisputed that Plaintiff Richard Rountry, Jr. did not receive any compensation for the hours he worked during those two weeks. (Aff. of Richard Rountry, Jr. ¶ 5).

As to Plaintiff Jennifer Rountry, it is undisputed that she performed four (4) hours of work during the week of November 26-December 2, 2006. (Aff. of Jennifer Rountry, ¶ 4, DE 55-3). According to the minimum wage provisions of the F.L.S.A., 29 U.S.C. § 206(a), she was entitled to receive not less than $5.15 per hour. It is undisputed that Plaintiff Jennifer Rountry, received only $13.52 for those four hours. (Aff. of Jennifer Rountry, ¶ 4).

As to Plaintiff Kimberly Rountry, it is undisputed that she performed eight (8) hours of work during the week of November 26-December 2, 2006. (Aff. of Kimberly Rountry, ¶ 4, DE 55-4). According to the minimum wage provisions of the F.L.S.A., 29 U.S.C. § 206(a), she was entitled to receive not less than $5.15 per hour. It is undisputed that Plaintiff Kimberly Rountry, received only $27.04 for those eight hours. (Aff. of Kimberly Rountry, ¶ 4).

Accordingly, Plaintiffs Christopher Butler, Richard Chandler, Richard Rountry, Jr., Jennifer Rountry, and Kimberly Rountry have met their burden of proving by a preponderance of the evidence their claims against Defendants for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 206(a) and 207(a)(1). Based on the undisputed facts culled from Plaintiffs' affidavits, the Request For Admissions deemed admitted under F.R.C.P. 36(a), and the undisputed material facts set forth in the Plaintiffs' summary

judgment motion deemed admitted under Local Rule 7.5 D, these Plaintiffs have met their burden and are entitled to summary judgment against the Defendants. Accordingly, for the reasons discussed herein, the Court finds that Defendants violated FLSA's minimum wage and/or overtime provisions as to Plaintiffs Christopher Butler, Richard Chandler, Richard Rountry, Jr., Jennifer Rountry, and Kimberly Rountry . Plaintiffs Christopher Butler, Richard Chandler, Richard Rountry, Jr., Jennifer Rountry, and Kimberly Rountry are entitled to unpaid compensation, liquidated damages and reasonable attorney's fees and costs.

Plaintiff Michael Brauchle seeks a recovery of unpaid wages, minimum salary, and overtime wages. Pursuant to the FLSA, employers are required to compensate employees at a rate of one and one-half times their regular rate for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, employees employed in a bona fide administrative capacity, as defined by regulations of the Secretary of Labor (the "Secretary"), are exempt from this requirement. 29 U.S.C. § 213(a) (1). Pursuant to regulations enacted by the Secretary in 2004, the term "employee employed in a bona fide administrative capacity" is defined as any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;

> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.

It is undisputed that Defendants classified Brauchle as an exempt employee under the FLSA and gave him the job title of Assistant Manager. (Aff. of Michael Brauchle ¶ 3, DE 52-2). According to Brauchle's Affidavit, although Defendants classified him as an exempt employee under the FLSA, they failed to pay him at least $455 per week, part of the definition of an FLSA exempt employee. Brauchle seeks to recover the difference between the weekly pay he received from Defendants and the $455 weekly pay Defendants would have had to pay him to classify him properly as an exempt employee under the FLSA. Plaintiff misinterprets the statute. Because Defendants did not pay him at least $455 per week, Defendants' classification of Brauchle as exempt was incorrect. Brauchle is not entitled to be paid the shortfall to bring him to $455 per week.

However, because Brauchle was not an exempt employee (despite Defendants' misclassification of him), he has a claim against Defendants for unpaid wages under the FLSA. See Comp.¶ 15 ("Brauchle is entitled to be paid . . . an amount equal to the federal minimum wage for each hour he worked per week up to 40 hours, and overtime compensation for each hour worked in excess of 40 per week."). In order to recover on this claim, he must present evidence that he was not paid at least minimum wage and/or he was not properly compensated for overtime work. Brauchle has not presented such evidence in his affidavits filed in conjunction with Plaintiffs' summary judgment motion. Therefore, the Court DENIES the

motion for summary judgment as to Plaintiff Michael Brauchle.

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 50] is **GRANTED IN PART AND DENIED IN PART as follows:**

(1) Summary judgment is **GRANTED** as to Plaintiffs Christopher Butler, Richard Chandler, Richard Rountry, Jr., Jennifer Rountry, and Kimberly Rountry. Those Plaintiffs shall provide the Court with a proposed judgment **within 10 days of entry of the date of this Order** that includes the amount of Plaintiffs' unpaid overtime compensation, liquidated damages and attorney's fees and costs. Plaintiffs should attach records supporting the award for attorney's fees and costs.

(2) Summary judgment is **DENIED** as to Michael Brauchle.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of October, 2008.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record