UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80279-CIV-MARRA/JOHNSON

MICHAEL BRAUCHLE, et al.,

       Plaintiffs,
v.

SOUTHERN SPORTS GRILL, INC., a Florida
Corporation, and JAYSON BABOOLAL, individually,
and KAMLAWATIE KADIR, individually,

       Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiffs' Renewed Motion for Sanctions Against Defendants for Violation of the Court's September 12 and June 26, 2008 Orders Regarding Discovery (DE 59), filed October 2, 2008. No response has been filed and the deadline to timely respond has passed. The Court has reviewed the motion, the entire file in this case, and is otherwise duly advised on the premises.

Plaintiffs move for sanctions against Defendants for failure to comply with the Court's June 26, 2008 Order (DE 46) compelling Defendant Kadir to appear at his deposition and the Court's September 12, 2008 Order (DE 53) imposing monetary sanctions on Defendants for their failure to appear at depositions and ordering Defendants to appear for deposition within ten days from the date of the order. In the September 12, 2008 Order, the Court was reluctant to impose the requested sanction of striking Defendants' pleadings and entering a default. Instead, the Court imposed monetary sanctions, reasoning that "the sanction of default should be imposed only after other less severe sanctions such as monetary penalties have been tried and failed." The

Court cautioned Defendants that continued failure to cooperate in discovery could result in further and more severe sanctions.

In order to hold a party in contempt, the Court must determine whether there is clear and convincing evidence that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order. McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir.2000); see also CitronelleMobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991); Combs v. Ryan's Coat Co., 785 F.2d 970, 984 (11th Cir. 1986). Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. In re Chase & Sanborn Corp. et al, 872 F.2d 397, 400 (11th Cir.1989); United States v. Rylander, 460 U.S. 752, 756-57 (1983); United States v. Roberts, 858 F.2d 698, 701 (11th Cir.1988); United States v. Hayes, 722 F.2d 723, 725 (11th Cir.1984). Moreover, the non-moving party must show that all reasonable efforts were made to comply with the court's order. See Hayes, 722 F.2d at 725. The non-moving party cannot prove impossibility to comply with the discovery order through mere assertions. Id.; see also In re Chase & Sanborn Corp., 872 F.2d at 400 (respondent failed to meet burden of production of impossibility to comply in merely asserting that compliance with discovery order would violate its domestic laws). The burden shifts back to the initiating party only upon a sufficient showing by the alleged contemnor. The party seeking to show contempt, then, has the burden of proving ability to comply. Combs, 785 F.2d at 984 ("The party seeking the contempt citation retains the ultimate burden of proof ...").

There are extensive sanctions available to courts under Rule 37 of the Federal Rules of

Civil Procedure[1] for failure to comply with discovery orders so that discovery can be facilitated and discovery abuses can be deterred. Additionally, it is important that the non-offending party be compensated by the offending party for the added expenses caused by the violation of discovery orders. Pesaplastic v. Cincinnati Milacron Co., 799 F.2d 1510 (11th Cir.1986) (court ordered defendant and defense counsel to pay costs incurred in applying for relief for violation of discovery orders). Moreover, it is proper in appropriate cases to strike pleadings and enter default judgment against parties who violate discovery orders. Fed.R.Civ.P. 37(d) (authorization to impose sanctions including rendering judgment by default); Adolph Coors Co. v. Movement Against Racism, 777 F.2d 1538 (11th Cir.1985) (court ordered default judgment because defendants refused to comply with discovery order); Buchanan v. Bowman, 820 F.2d 359 (11th Cir.1987) (court struck answer and issued default judgment for failing to comply with court order compelling discovery). Finally, parties can be held in contempt for refusing to comply with discovery orders. See In re Southeast Banking Corp., 204 F.3d 1322, 1335 (11th Cir.2000);

---

[1] Rule 37(b)(2)(A) provides as follows:

For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part;
    (vi) rendering a default judgment against the disobedient party; or
    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Securities and Exchange Commission v. First Fin. Group of Texas, Inc., 659 F.2d 660 (5th Cir.1981). As stated by the Supreme Court in Gompers v. Buck's Stave & Range, 221 U.S. 418, 450 (1911), "the power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." See also Roadway Express v. Piper, 447 U.S. 752, 764 (1980).

      This Circuit, and others, have repeatedly affirmed the imposition of extreme sanctions for the type of discovery violations seen in this case. See United States v. $239,500 in U.S. Currency, 764 F.2d 771 (11th Cir.1985) (dismissal of claims for failure to attend deposition); Hoshemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir.1984) (dismissal for plaintiff's failure to appear at scheduled depositions); Bonaventure v. Butler, 593 F.2d 625 (5th Cir.1979) (plaintiff's suit dismissed for refusals to appear for scheduled depositions); Shawmut Boston International Banking Corporation v. Duque-Pena, 767 F.2d 1504 (11th Cir.1985) (default judgment entered against defendant as a Rule 37 sanction for inter alia, failure to attend deposition); Buchanan, 820 F.2d at 361 (11th Cir.1987) (striking of the answer and entry of default judgment warranted where the defendant had failed to appear at his first and second court ordered deposition, and failed to respond to interrogatories and requests for production of documents); Properties Intern. Ltd. v. Turner, 706 F.2d 308, 310 (11th Cir.1983) (dismissal of the assignee's complaint seeking foreclosure of its mortgage affirmed for failing to provide witnesses at depositions/hearings and incompletely replying to interrogatories); Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir.1986) (district court did not abuse its discretion in entering order striking answer and defenses to counterclaim as sanctions for plaintiffs' refusal to comply with discovery orders).

Based on this record, the Court finds that the renewed motion for sanctions should be granted. Clear and convincing evidence supports this finding. Defendants have violated numerous court orders, including orders to attend depositions and imposing monetary sanctions for failure to cooperate in discovery. Defendants have failed to pay the monetary sanction of $800 to Plaintiffs, as ordered in the Court's September 15, 2008 Order. A review of these orders shows that they were valid and unambiguous and present no difficulty regarding compliance. In fact, the Court gave Defendants numerous opportunities to comply with the court orders. Furthermore, given that Defendants provide no evidence that shows that it was impossible for them to comply with those orders, Defendants have not met their evidentiary burden on the contempt motion. Indeed, Defendants have provided no evidence whatsoever that they made any effort to comply with the orders. Likewise, while a Rule 37 default "'will not be upheld if a party's failure to comply is due to inability rather than to willfulness, bad faith or disregard of responsibilities,'" Defendants have not provided any evidence showing that he was unable to appear at the depositions. Shawmut, 767 F.2d at 1507 quoting Aztec Steel Corp. v. Florida Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982). Given that Plaintiffs have a right to depose Defendants, and they have provided no reason for their failure to appear at depositions, Defendants have failed to meet their evidentiary burden and sanctions under Rule 37 are justified. Furthermore, this Court finds that Defendants' failure to comply with discovery and orders of this Court were willful, contemptuous and the result of bad faith. See BankAtlantic v. Blythe Eastman Paine Webber, 12 F.3d 1045, 1049 (11th Cir. 1994).

For those reasons, the Court finds that Defendants should be held in contempt of court. Further, the Court finds that striking Defendants' answer and issuing a default judgment against

Defendants is the appropriate sanction to be exercised here.  Plaintiffs may also move for reasonable attorney's fees and costs associated with Defendants' failure to comply with the Court's orders.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Renewed Motion for Sanctions Against Defendants for Violation of the Court's September 12 and June 26, 2008 Orders Regarding Discovery (DE 59) is **GRANTED**.  Defendants' Amended Answer (DE 27/28) is stricken and the Court will separately enter default judgment against Defendants and in favor of Plaintiffs.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of October, 2008.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record

Southern Sports Grill, Inc.
10897 Sunset Ridge Circle
Boynton Beach, FL 33473

Jayson Baboolal
10897 Sunset Ridge Circle
Boynton Beach, FL 33473

Kamlawatie Kadir
1850 N.E. 26th Street
Wilton Manors, FL 33305